JS 44 (Rev. 04/21) FLSD Revised 12/02/2022

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)* **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

## I. (a) PLAINTIFFS
Global Monetization Partners, LLC

## DEFENDANTS
Sierra Madre Development, LLC

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Pathman Law, LLC | One South Biscayne Tower - Suite 2400  2 South

Attorneys *(If Known)*

**(d)** Check County Where Action Arose: ■ MIAMI- DADE ☐ MONROE ☐ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE ☐ HIGHLANDS

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question *(U.S. Government Not a Party)*

☐ 2 U.S. Government Defendant
■ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only) and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ■ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ■ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | | 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent – Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Acts | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ■ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | **SOCIAL SECURITY** | ☐ 485 Telephone Consumer Protection Act (TCPA) |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Med. Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| | | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee – Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

■ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed *(See VI below)*
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district *(specify)*
☐ 6 Multidistrict Litigation Transfer
☐ 7 Appeal to District Judge from Magistrate Judgment
☐ 8 Multidistrict Litigation – Direct File
☐ 9 Remanded from Appellate Court

## VI. RELATED/ RE-FILED CASE(S)
*(See instructions):* a) Re-filed Case ☐ YES ■ NO     b) Related Cases ☐ YES ■ NO
JUDGE: _____     DOCKET NUMBER: _____

## VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. §1332 (a)(1)
LENGTH OF TRIAL via 2 days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 1,000,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ■ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE
DATE: October 10, 2024
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

FOR OFFICE USE ONLY : RECEIPT # _____ AMOUNT _____ IFP _____ JUDGE _____ MAG JUDGE _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(Miami Division)

GLOBAL MONETIZATION
PARTNERS, LLC.,

    Plaintiff,

v.

SIERRA MADRE DEVELOPMENT,
LLC.,

    Defendant.
_____/

## COMPLAINT

Plaintiff, Global Monetization Partners, LLC. ("GMP" or "Plaintiff"), by and through its undersigned counsel, hereby sues Defendant, Sierra Madre Development, LLC ("SMD" or "Defendant"), and alleges:

## THE PARTIES

1. Plaintiff is a Florida limited liability company with its principal place of business at 1100 Brickell Bay Drive #310957, Miami, FL. 33131.

2. Defendant is a New Mexico limited liability company with its principal place of business at 1208 Candelaria Road NW, Apt B4, Albuquerque, NM 87107.

## NATURE OF THE ACTION

3. The parties hereto entered into a Joint Venture Agreement ("JVA") that provided, among other things, Plaintiff holds a ten percent (10%) beneficial interest in Defendant's Bureau of Land Management ("BLM") placer mine claim, Legacy Serial Number AMC413582.

4. Defendant thereafter entered into a transaction within the scope of the JVA but has

refused to pay Plaintiff the One Million USD ($1,000,000) in principal (potentially Two Million USD owed), and Plaintiff is seeking payment pursuant to the JVA.

5.      Defendant thereafter received a Ten Million USD ($10,000,000) non-refundable deposit and possibly a second Ten Million USD ($10,000,000) non-refundable deposit thereby entitling Plaintiff to ten percent of the aggregate amount.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332(a)(1). The parties are fully diverse because Plaintiff is a citizen of Florida and Defendant is a citizen of New Mexico. In addition, as further discussed below, the matter in controversy exceeds $75,000 in the aggregate, exclusive of attorneys' fees, costs, and interest.

7.      This Court has personal jurisdiction over Defendant because Defendant consented to personal jurisdiction of this Court under the JVA.

8.      Venue is proper in this District pursuant to 28 U.S.C. §1391(b)(3) because the JVA provides for venue in this District.

## FACTUAL ALLEGATIONS

1.      Plaintiff is a limited liability company that specializes in Project Finance and Monetization in Energy, Environmental, Infrastructure and Mineral-Based Assets, within the USA and Internationally that was formed July 2024.

2.      Defendant is a limited liability company that was formed July 2, 2007, and that acquired Fluent Technologies, LLC of Wyoming on October 27, 2021.

3.      On or about June 14, 2024, Plaintiff and Defendant entered into a Confidentiality, Non-Compete and Non-Circumvention Agreement ("NCNDA"). A copy of the NCNDA is attached hereto as Exhibit "A."

4. On or about July 19, 2024, Plaintiff and Defendant entered into the JVA officially titled "GMP SMD HAPPY2MN. A copy of the JVA is attached hereto as Exhibit "B."

5. The purpose of the JVA is to: Leverage, Monetize and/or Trade a 160-acre Parcel of Land in connection with a trade for profits regarding the HAPPY 2 MINE (H2M) Claim (Serial number: AMC413582) registered as a 160-acre public land site located in Pinal County, Arizona, approximately 25 miles east of the City of Eloy, Arizona.

6. The HAPPY 2 MINE consists of eight (8) parcels of twenty (20) acres each totaling a one hundred and sixty (160) acre parcel, value six hundred thirty-six billion nine hundred ninety million six hundred seventy-five thousand eight hundred and sixty USD ($636,990,675,860).

7. Generally, Plaintiff in furtherance of the JVA was to secure financing.

8. Defendant has placed H2M for sale and on or about August 8, 2024, Defendant received a ten million USD ($10,000,000) non-refundable deposit.

9. Upon information and belief, Defendant may have subsequently received a second ten million USD ($10,000,000) non-refundable deposit.

10. Under the section of the JVA entitled "Transfers of Joint Venturers' Interests", Defendant is prohibited from selling, transferring, or encumbering its interest in H2M without Plaintiff's prior written consent.

11. Plaintiff never provided Defendant with any written consent; thus, Defendant's acceptance of this deposit directly violates the JVA.

12. Additionally, Defendant's actions are in direct contravention with the "Non-Interference Clause" set forth in the JVA.

13. On or about August 15, 2024, Plaintiff sent Defendant a Notice of Breach of Contract Notification: Unauthorized Sale of Project, a copy of which is attached hereto as Exhibit

"C."

14. On or about September 5, 2024, Plaintiff sent Defendant a Demand for Assurances and Notice of Breach of Joint Venture Agreement and Confidentiality Non-Compete and Non-Circumvention Agreement ("Demand for Assurances") seeking to have Defendant: (1) cease any competition and interference with third parties that conflicts with the JVA and the NCNDA; (2) immediately stop blocking the flow of information to Plaintiff; and (3) provide assurances that the impending sale of H2M will not proceed without compliance with the terms of the agreements between the parties. A copy of the Demand for Assurances is attached hereto as Exhibit "D."

15. Not only has Defendant failed to provide any proof of its compliance with these three (3) demands, but also, Defendant has failed to pay Plaintiff its ten percent (10%) share, despite the obligation to do so.

16. All conditions precedent to the filing of this action have been met or waived by Defendant.

## COUNT I
## Breach of Contract

17. Plaintiff realleges and reincorporates paragraphs 1 through 16 as if fully set forth herein.

18. The JVA constitutes a valid and binding agreement between the parties.

19. Plaintiff has fully performed its duties and obligations pursuant to the terms of the JVA.

20. As set forth above, Defendant has breached its contractual obligations to Plaintiff.

21. Defendant's breach of the JVA is a material breach.

22. By virtue of the foregoing, Plaintiff's damages are at least $1,000,000 possibly $2,000,000 at this juncture.

23. Moreover, since the real value of the joint venture is in the mining rights, which have an estimated value exceeding six hundred billion dollars, Plaintiff's damages because of Defendant's material breaches could very well be in the dozens of billions of dollars.

24. Pursuant to the JVA, Plaintiff is entitled to: (1) copies of any Escrow Agreements; (2) copies of receipts of all deposits made by contracted buyers, including both refundable and non-refundable deposits, whether paid into private bank accounts, corporate bank accounts, personal bank accounts, trust accounts or attorney or IOTA accounts; and (3) any and all other documents related to the sale or any attempted transfer of H2M, including, but not limited to: ground samples, geological testing, revised NI-43101, engineering documents, architectural plans, surveys, site plans and development.

Wherefore, Plaintiff requests that the Court enter judgment in its favor against Defendant for at least $1,000,000, require Defendant to provide all documents set forth in the preceding paragraph, together with such further relief as this Court deems just and proper.

## COUNT II
## Conversion

25. Plaintiff realleges and reincorporates paragraphs 1 through 16 as if fully set forth herein.

26. Plaintiff owns the right to own or possess 10% of the monies held by Defendant regarding H2M and more importantly the right to own or possess 10% of the mining rights of H2M.

27. Defendant's wrongful act or interference is inconsistent with Plaintiff's rights to those monies and mining rights.

28. As a result of Defendant's actions, Plaintiff has suffered damages.

29. Plaintiff is seeking identifiable money and identifiable rights for its claim for conversion.

Wherefore, Plaintiff requests this Court enter judgment in its favor against Defendant for at least $1,000,000, together with such further relief as this Court deems just and proper.

Dated: October 10, 2024

Respectfully submitted,

**PATHMAN LAW, LLC**
One Biscayne Tower – Suite 2400
2 South Biscayne Boulevard
Miami, FL 33131
Telephone: (305) 379-2425
Facsimile: (305) 379-2420

By: /s/
David M. Hawthorne
Florida Bar No.: 935174
dhawthorne@pathmanlaw.com